| STATE OF WYOMING | COUNTY OF PARK |
|---|---|

MARJORIE L. DEAMS

*Plaintiff*

-vs-

COLLECTION PROFESSIONALS INC.,
A Wyoming Corporation,

BRADLEY G. TAYLOR,

DENNIS R. LAWRENCE,

BRENDA K. NEIHART,

BIG HORN BASIN ORTHOPEDIC,

DR. WARREN A. BIRCH, MD,

NORTHERN WYOMING OPHTHALMOLOGY,
P.C.,

JOHN DOE I through V, as employees of Collection Professionals, Inc.,

JOHN DOE VI through X, as shareholders for Collection Professionals, Inc.,

JOHN DOE XI through XV, as officers or Directors of Collection Professionals, Inc.,

JOHN DOE XVI through XX, as attorneys for Collection Professionals, Inc.,

*Defendants*

IN THE DISTRICT COURT
FIFTH JUDICIAL DISTRICT
1002 SHERIDAN AVE.
CODY, WYOMING 82414-1960

Case Number: 26527

JOYCE BOYER
Clerk of District Court

FILED MAR 2 3 2011

by   LYNELL PRESTON
     Deputy

## COMPLAINT

COMES NOW the above captioned Plaintiff by and through the undersigned firm of attorneys, and hereby files for relief against the above captioned Defendants stating and alleging, in addition to such further evidentiary support as discovery is likely to reveal, as follows:

### FACTS COMMON TO ALL COUNTS

1. That venue and jurisdiction are proper in Park County as the events surrounding Plaintiff's claims occurred in the county and/or the Defendants have availed themselves of jurisdiction in said county by doing business therein.

2. That before, on, and/or after April 14, 2010 Plaintiff was the fee simple owner of real property located in Park County.

3. That on or about April 14, 2010 the document attached hereto as Exhibit "A" and incorporated herein by reference for all purposes, hereinafter referred to as "Medical Lien", was filed in the county records of Park County as a lien against Plaintiff's real property.

4. That the filing of the Medical Lien was a violation of applicable law.
5. That the unlawful Medical Lien indicates on its face that it was filed by Collection Professionals, Inc. ("CPI").
6. That the unlawful Medical Lien indicates on its face that "CPI [was] acting as agent for..." Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C..
7. That the unlawful Medical Lien indicates on its face that it is a "...lien against any real property owned by [Plaintiff] including but not limited to property owned at ... Legal Description: Cody Heights Sub, Track 71-75."
8. That the unlawful Medical Lien indicates on its face that the Plaintiff's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."
9. The unlawful Medical Lien states on its face that it was acknowledged by Brenda K. Neihart who signed the document under oath and witnessed by a notary public.
10. The unlawful Medical Lien discloses to the public and the entire world debts alleged to be owed by the Plaintiff and the names of those providing medical services to the Plaintiff or the Plaintiff's immediate family.
11. Upon belief and information, CPI mailed a letter to the Plaintiff stating that a lien was filed against the Plaintiff's property and requesting payment of the alleged debt.
12. That the filing of the Medical Lien and/or sending notice of the filing to the Plaintiff was an attempt to collect an alleged debt against the Plaintiff.
13. Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C. are disclosed principals of their agent, CPI, which acted under either actual authority given in writing or orally from Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C.; implied actual authority based on the dealings between CPI and Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C. and circumstances surrounding the case; or apparent authority when Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C. allowed CPI to claim such authority and a third party could reasonably know of, and rely on, the apparent authority.

### COUNT 1: VIOLATION OF 15 U.S.C.A. § 1692c(b)

14. That the Plaintiff hereby restates paragraphs "1" through "12" as if fully set forth herein.
15. That John Does VI - X are the shareholders of CPI.
16. That Dennis R. Lawrence and John Does XI – XV are the officers and/or directors of CPI.
17. That Brenda K. Neihart and John Does I - V are employees of CPI.
18. That Bradley G. Taylor is the resident manager of CPI for each of the CPI offices in the State of Wyoming.
19. That John Does XVI - XX are attorneys for CPI.
20. That CPI is a Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that CPI "uses any instrumentality of interstate commerce or the mails in [its] business the principal purpose of which is the collection of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

21. That CPI's resident manager, employees, attorneys, shareholders, officers, and directors are Debt Collector as defined by 15 U.S.C.A. § 1692a(6) in that they use any instrumentality of interstate commerce or the mails in their business the principal purpose of which is the collection of any debt, or they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
22. That Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C. are Debt Collectors as defined by 15 U.S.C.A. § 1692a(6) in that Big Horn Basin Orthopedic, Dr. Warren A. Birch, MD and Northern Wyoming Ophthalmology, P.C. collect their own debts through their agent, CPI, while using the name of CPI to indicate to the least sophisticated debtor that a third person is collecting or attempting to collect such debts.
23. That the Defendants were all personally involved in authorizing, allowing, ratifying, drafting, preparing, merging, mailing, and/or filing: the Medical Lien; the notice of the medical lien mailed to the Plaintiffs; and/or other unlawful collection actions surrounding the filing of the false Medical Lien.
24. That the Plaintiff is a consumer as defined by 15 U.S.C.A. § 1692a(3) in that the Plaintiff is a "...natural person ... allegedly obligated to pay [a] debt."
25. That the obligations alleged to be owed by the Plaintiff on the Medical Lien are Debts as defined by 15 U.S.C.A. § 1692a(5) in that they are "... an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."
26. That the filing of the Medical Lien in the public County Records in which Plaintiff's alleged debts were directly disclosed to the county clerk or deputy clerk and constructively disclosed to the world, violated 15 U.S.C.A. § 1692c(b) in that the disclosure was performed "without the prior consent of the [Plaintiff] given directly to the [Defendants] or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy...."

### COUNT 2: VIOLATION OF 15 U.S.C.A. § 1692e(2)(A)

27. That the Plaintiff hereby restates paragraphs "1" through "25" as if fully set forth herein.
28. Defendants violated 15 U.S.C.A. § 1692e(2)(A) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely represented the character of the Plaintiff's alleged Debt as secured by the Plaintiff's real property.

### COUNT 3: VIOLATION OF 15 U.S.C.A. § 1692e(4)

29. That the Plaintiff hereby restates paragraphs "1" through "25" as if fully set forth herein.
30. Defendants violated 15 U.S.C.A. § 1692e(4) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which represented that the nonpayment of the debt will result in the attachment of the Plaintiff's property when such action was unlawful.

### COUNT 4: VIOLATION OF 15 U.S.C.A. § 1692e(10) BY CPI

31. That the Plaintiff hereby restates paragraphs "1" through "25" as if fully set forth herein.
32. Defendants violated 15 U.S.C.A. § 1692e(10) by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely and deceptively represented that, 1) the Plaintiff's alleged

Debt is secured by the Plaintiff's real property, and 2) the Plaintiff's property could not be sold, traded, deeded, willed or in any way change ownership without payment in full in an attempt to collect payment of said alleged Debt.

### COUNT 5: VIOLATION OF 15 U.S.C.A. § 1692f(6)

33. That the Plaintiff hereby restates paragraphs "1" through "25" as if fully set forth herein.
34. Defendants violated 15 U.S.C.A. § 1692f(6) by filing the Medical Lien, which was a nonjudicial action to effect disposition or disablement of the Plaintiff's bundle of property rights, when the Defendants had no present right to possession of the property claimed as collateral through an enforceable security interest.

### COUNT 6: VIOLATION OF CHAPTER 4, SECTION 6 OF THE "RULES & REGULATIONS OF THE COLLECTION AGENCY BOARD"

35. That the Plaintiff hereby restates paragraphs "1" through "25" as if fully set forth herein.
36. That Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board ("Regulations") creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."
37. That CPI's filing of the Medical Lien in the public County Records in which Plaintiff's alleged debts were directly disclosed to the county clerk or deputy clerk and constructively disclosed to the world, violated Chapter 4, Section 6 of the Regulations in that the disclosure was performed without the prior consent of the Plaintiff given directly to the Defendants or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy.
38. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely represented the character of the Plaintiff's alleged Debt as secured by the Plaintiff real property.
39. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which represented that the nonpayment of the debt will result in the attachment of the Plaintiff's property when such action was unlawful.
40. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien and/or mailing notice of said filing to the Plaintiff which falsely and deceptively represented that, 1) the Plaintiff's alleged Debt is secured by the Plaintiff's real property, and 2) the Plaintiff's property could not be sold, traded, deeded, willed or in any way change ownership without payment in full, in an attempt to collect payment of said alleged Debt.
41. The Defendants violated Chapter 4, Section 6 of the Regulations by filing the Medical Lien, which was a nonjudicial action to effect disposition or disablement of the Plaintiff's bundle of property rights, when the Defendants had no present right to possession of the property claimed as collateral through an enforceable security interest.

### COUNT 7: NEGLIGENCE

42. That the Plaintiff hereby restates paragraphs "1" through "13" as if fully set forth herein.
43. That pursuant to the Health Insurance Portability and Accountability Act (42 U.S.C.A. 1302(a); 42 U.S.C.A. 1320d through 1320d-7; Public Law 104 et seq., 42 CFR 1395x et seq.,), Fair Debt Collection Practices Act (15 W.S.C.A. § 1601 et. seq.), Wyoming's adoption of the Fair Debt Collections Practices Act (Rules & Reg. of the Collection Agency Board), and/or common law, Defendants had a duty to maintain confidential and not disclose to the public the Plaintiff's alleged debts or the names of medical service providers that provided services to the Plaintiff or Plaintiff's immediate family and a duty to ensure non-disclosure compliance by all agents, contractors and/or business associates of Defendants.
44. That the Defendants breached their duty to maintain confidential such information by willfully and wantonly publishing, allowing to be published, and/or failing to take required steps to prevent the publication, to the public and the world, the information contained on the Medical Lien.
45. That the publishing of the Medical Lien caused the Plaintiff to experience, *inter alia*, fright, angst, anxiety, worry, embarrassment, humiliation, mental anguish and/or emotional distress as well as damage to Plaintiff's credit and/or other property.

### COUNT 8: DEFAMATION OF CHARACTER

46. That the Plaintiff hereby restates paragraphs "1" through "13" as if fully set forth herein.
47. That the Medical Lien falsely stated that the Plaintiff's alleged debt was secured and that Plaintiff's "property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc...."
48. That the false Medical Lien was published to the county clerk or deputy clerk, credit reporting agencies, and constructively to the whole world.
49. That the false information contained in the Medical Lien was willfully and wantonly published.
50. That the publication of the Medical Lien caused harm to the Plaintiff's reputation by holding the Plaintiff up to ridicule and/or scorn.

### COUNT 9: INVASION OF PRIVACY

51. That the Plaintiff hereby restates paragraphs "1" through "13" as if fully set forth herein.
52. Defendants' unlawful disclosure of private health and financial information gave unreasonable and illegal publicity to the Plaintiff's private life
53. Said disclosure was in a manner that would be highly offensive to a reasonable person and is not a legitimate concern to the public.

### COUNT 10: INVASION OF PRIVACY

54. That the Plaintiff hereby restates paragraphs "1" through "13" as if fully set forth herein.
55. Defendants' improper lien falsely characterized the nature of the alleged debt as secured by the Plaintiff's real property.
56. Defendants falsely declaring that the alleged debt was secured by the Plaintiff's real property gave publicity that unreasonably placed the Plaintiff in a false light before the public.

57. Said disclosure was in a manner that would be highly offensive to a reasonable person and the Defendants has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

**WHEREFORE**, the Plaintiff demands judgment from the Defendants in the amounts set forth below:

Plaintiff demands judgment against **CPI** in the amount of not less than $12,935 consisting of the following:
   a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
   b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
   c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
   d. Code damages in an amount not less than $5,000.00;
   e. Statutory damages in an amount not less than $5,000.00;
   f. Punitive damages in an amount to be determined by the jury;
   g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
   h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Bradley G Taylor** in the amount of not less than $12,935 consisting of the following:
   a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
   b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
   c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
   d. Code damages in an amount not less than $5,000.00;
   e. Statutory damages in an amount not less than $5,000.00;
   f. Punitive damages in an amount to be determined by the jury, and;
   g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
   h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Dennis R. Lawrence** in the amount of not less than $12,935 consisting of the following:
   a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
   b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
   c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
   d. Code damages in an amount not less than $5,000.00;
   e. Statutory damages in an amount not less than $5,000.00;

    f.  Punitive damages in an amount to be determined by the jury, and;

    g.  Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

    h.  Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Brenda K. Neihart** in the amount of not less than $12,935 consisting of the following:

    a.  Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

    b.  Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

    c.  Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

    g.  Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Big Horn Basin Orthopedic** in the amount of not less than $12,935 consisting of the following:

    a.  Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

    b.  Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

    c.  Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

    g.  Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Dr. Warren A. Birch, MD** in the amount of not less than $12,935 consisting of the following:

    a.  Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;

    b.  Court filing fees in the amount of $70.00 joint and severally with the other Defendants;

    c.  Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;

    d.  Code damages in an amount not less than $5,000.00;

    e.  Statutory damages in an amount not less than $5,000.00;

    f.  Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;

  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against **Northern Wyoming Ophthalmology, P.C,** in the amount of not less than $12,935 consisting of the following:

 a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
 b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
 c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
 d. Code damages in an amount not less than $5,000.00;
 e. Statutory damages in an amount not less than $5,000.00;
 f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
 h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE I through V, as employees of CPI,** in the amount of not less than $12,935 consisting of the following:
 a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
 b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
 c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
 d. Code damages in an amount not less than $5,000.00;
 e. Statutory damages in an amount not less than $5,000.00;
 f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
 g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE VI through X, as shareholders for CPI,** in the amount of not less than $12,935 consisting of the following:
 a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
 b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
 c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
 d. Code damages in an amount not less than $5,000.00;
 e. Statutory damages in an amount not less than $5,000.00;
 f. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
 g. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE XI through XV, as officers or Directors of CPI,** in the amount of not less than $12,935 consisting of the following:
  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
  d. Code damages in an amount not less than $5,000.00;
  e. Statutory damages in an amount not less than $5,000.00;
  f. Punitive damages in an amount to be determined by the jury;
  g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

Plaintiff demands judgment against each **JOHN DOE XVI through XX, as attorneys for CPI,** in the amount of not less than $12,935 consisting of the following:
  a. Actual damages in the amount not less than $1,000.00 joint and severally with the other Defendants;
  b. Court filing fees in the amount of $70.00 joint and severally with the other Defendants;
  c. Service of process fees in the amount of not less than $315.00 joint and severally with the other Defendants;
  d. Code damages in an amount not less than $5,000.00;
  e. Statutory damages in an amount not less than $5,000.00;
  f. Punitive damages in an amount to be determined by the jury;
  g. Jury fee in the amount of $50.00 joint and severally with the other Defendants, and;
  h. Attorney fees to date of not less than $1,500.00 joint and severally with the other Defendants.

together with Attorneys' fees, expenses, and costs as may accrue hereafter and allowed by law, and for such further relief as the court may deem just and proper.

DATED this __17__ day of March, 2011.

BASIN LAW GROUP, LLC

By: _____
J. Philip Bott Bar #: 6-4199
*Attorneys for Plaintiff*
210 N Bent Street
Powell, Wyoming 82435
Telephone: 307/271-6008
Fax: 307/754-3482

# Exhibit A

## Copy of Medical Liens

**MEDICAL SERVICES PROVIDER LIEN**
COLLECTION PROFESSIONALS, INC
P.O. BOX 1340
CODY WY 82414
307-587-4761

MARJORIE L DEAMS

04-14-10

Collection Professionals, Inc., acting as agent for the clients listed below including services rendered by the same clients, is hereby filing a lien against any real property owned by MARJORIE L DEAMS including but not limited to property owned at 2502 CENTRAL AVE, CODY, WY 82414.

Legal Description:
CODY HEIGHTS SUB, TRACK 71-75

Property may not be sold, traded, deeded, willed or in any way change ownership without payment in full to be made directly to Collection Professionals, Inc. up to amounts necessary to retire the indebtedness listed below in full, including additional accruing interest.

Name: _Brenda Neihart_, Account Executive for Collection Professionals, Inc.
P.O. BOX 1340, CODY WY 82414.

Signature: _Brenda K. Neihart_  Date: _4/14/10_

State of Wyoming )
                 )
County of PARK )

The foregoing instrument was acknowledged before me by _Brenda K. Neihart_
Account Executive for Collection Professionals, Inc., P.O. BOX 1340, CODY WY 82414.

This _14_ day of _April_ 20_10_.

Notary Public

| CREDITOR/ACCOUNT NUMBER | AMT/SVC DT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| BIG HORN BASIN ORTHO | 2,894.00 | 3,884.78 | 0.00 | 6,778.78 |
| 28984 | 09-24-01 | | | |
| WARREN A BIRCH MD | 256.00 | 309.43 | 0.00 | 565.43 |
| 707144 | 08-29-01 | | | |
| NORTHERN WY OPETHALMOLOGY PC | 161.59 | 8.61 | 0.00 | 170.20 |
| 11955 | 11-20-08 | | | |
| TOTAL | 3,311.59 | 4,202.82 | 0.00 | 7,514.41 |

Pg: 1 of 1
2010-2683 Park County WY  4/21/2010 8:05 AM  Fees: $8.00

| STATE OF WYOMING | COUNTY OF PARK |
|---|---|

MARJORIE L. DEAMS

    *Plaintiff*

-vs-

COLLECTION PROFESSIONALS INC.,
A Wyoming Corporation,

BRADLEY G. TAYLOR,

DENNIS R. LAWRENCE,

BRENDA K. NEIHART,

BIG HORN BASIN ORTHOPEDIC,

DR. WARREN A. BIRCH, MD,

NORTHERN WYOMING OPHTHALMOLOGY, P.C.,

JOHN DOE I through V, as employees of Collection Professionals, Inc.,

JOHN DOE VI through X, as shareholders for Collection Professionals, Inc.,

JOHN DOE XI through XV, as officers or Directors of Collection Professionals, Inc.,

JOHN DOE XVI through XX, as attorneys for Collection Professionals, Inc.,

    *Defendants*

IN THE DISTRICT COURT
FIFTH JUDICIAL DISTRICT
1002 SHERIDAN AVE.
CODY, WYOMING 82414-1960

Case Number: 26527

JOYCE BOYER
Clerk of District Court

FILED   MAR 23 2011

by/ LYNELL PRESTON
    Deputy

## JURY DEMAND

COMES NOW the above captioned Plaintiff, by and through the undersigned firm of attorneys, and, pursuant to Rule 38(b) W.R.C.P., hereby demands trial by jury composed of six persons as to all issues herein and hereby tenders the requisite jury fee of fifty and no/100 dollars.

DATED this _17_ day of March, 2011.

    BASIN LAW GROUP, LLC

By: _____
J. Philip Bott Bar #: 6-4199
*Attorneys for Plaintiff*
210 N Bent Street
Powell, Wyoming 82435
Telephone: 307/271-6008
Fax: 307/754-3482

Jury Demand